IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

YEVONNE VAN HORN                                                                PLAINTIFF

v.                                    No. 5:13-cv-74-DPM

MARK MARTIN, in his official capacity
as Arkansas Secretary of State; and
DARRELL S. HEDDEN, in his individual
and official capacity as Chief of Police for
the State Capitol Police                                                        DEFENDANTS

ORDER

Arkansas Secretary of State Mark Martin and State Capitol Police Chief Darrell Hedden move to dismiss Yevonne Van Horn's employment discrimination claims for many reasons. № 4. Van Horn was an officer with the State Capitol Police for more than twelve years. She fell asleep on the job and was fired. She says the sleeping was caused by prescribed medication, which her supervisors knew about. And she alleges that her race, her gender, and retaliation for prior discrimination claims prompted her firing in June 2012. № 1. Secretary Martin and Chief Hedden say that all Van Horn's claims fail for some reason. Van Horn disputes all the arguments for

dismissal and asks for leave to file a somewhat curative amended complaint. № 7 & 9. The motion to dismiss, № 4, is granted in part and denied in part. Leave to amend is granted. FED. R. CIV. P. 15(a). Van Horn must file an amended complaint by 30 August 2013. She must revise her proposed amended complaint to conform to the rulings in this Order.

**1. Immunities.** The sovereign immunity embodied in the Eleventh Amendment bars many claims in federal court against state officers in their official capacities. But the bar does not reach Title VII and certain FMLA claims. *Okruhlik v. Univ. of Arkansas*, 255 F.3d 615, 627-28 (8th Cir. 2001); *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 724-25 (2003). And the possibility of some prospective relief, injunctive or declaratory, remains on the table. *Edelman v. Jordan*, 415 U.S. 651, 663-69 (1974). Van Horn's claims for damages under the Arkansas Civil Rights Act and § 1983, however, are barred as to Secretary Martin and Chief Hedden in their official capacities as a matter of law.

Qualified immunity protects Chief Hedden against Van Horn's claims if his conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Monroe v. Ark. State*

*Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (quotation omitted). In June 2011, Van Horn alleges that Hedden expressed displeasure about her taking FMLA leave and told others that he wanted to fire her for it. № *1 at ¶10*. She also alleges that Hedden imposed more severe punishment on her than on male co-workers because she was a woman and ultimately recommended her termination. № *1 at 3-4*. In particular, she says that a male officer was promoted, not disciplined, after he fell asleep on the job, while she was fired for falling asleep. № *1 at 4-5*. The Court must accept all these allegations as truth at this point. And they establish a violation of Van Horn's clearly established rights under Title VII, § 1983, and the FMLA.

Arkansas law also provides Chief Hedden individually with immunity from liability and from suit if the state-law claims are neither covered by liability insurance nor malicious. ARK. CODE ANN. § 19-10-305. Van Horn has not pleaded the liability-insurance exception. She has pleaded malice and reckless indifference, though only in a conclusory and general way. № *1 at 11*; № *9 at 12*. Her ACRA claims against Hedden in his individual capacity are therefore dismissed without prejudice.

**2. Adequacy of Pleadings.** The Court accepts the pleaded facts as true and views them in the light most favorable to Van Horn. *Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir. 2010). Has Van Horn pleaded facts that nudge her complaint over the line of possible to plausible? *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). She has. Van Horn says that white male officers who engaged in the same or similar conduct were treated more favorably. № 1 at 3-8. Chief Hedden, she has pleaded, said he wanted to fire her for taking FMLA leave. № 1 at 3. The timing of her termination relative to her FMLA leave seems like a stretch, though the precise dates are a bit murky. № 1 at 3 & 10. But a direct statement like Hedden's is rare and powerful. Van Horn's claims are plausible against the backdrop of her allegations about racial bias and anti-FMLA sentiment within the Department. № 1 at 3-8.

**3. Title VII– Failure to Exhaust.** Exhaustion is usually resolved on the face of the complaint and the EEOC charge, but this case is unusual. There were, it seems, two charges. Only the second is attached to the complaint. № 1 at 13. It was made against the "AR Secretary of State Police," not Secretary Martin. But Van Horn says, in opposing the motion to dismiss, that officials

from the Secretary of State's office responded to the EEOC charges and participated in conciliation meetings with the EEOC about one or both charges. № 8 at 3-4. In these circumstances, holding that a failure to exhaust occurred based on the misnomer appears contrary to the principles that inform exhaustion doctrine. *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 797-98 (8th Cir. 1998). Secretary Martin may well have a good limitations defense against any claim arising from the first firing. Van Horn, though, appears only to assert retaliation for filing charge number one in the second firing. That claim is timely. Here again, clearer pleading and some discovery should clear up the record.

**4. Title VII– Employer.** Van Horn's proposed amended complaint, № 7-1, adds some facts supporting the Title VII claim against Secretary Martin, in his official capacity only, as an employer. But Chief Hedden, individually, is not an employer under this statute. *McCullough v. University of Arkansas for Medical Sciences*, 559 F.3d 855, 860 n.2 (8th Cir. 2009); *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998).

\* \* \*

These claims will go forward against the parties indicated. A blank box indicates that a claim has failed and is dismissed.

| Statute | Claim | Hedden | Martin |
|---|---|---|---|
| **Title VII** | 1) Disparate treatment on the basis of race and gender | | Officially |
| | 2) Retaliation | | Officially |
| **FMLA** | 3) Retaliation | Officially & Individually | Officially |
| **§ 1983** | 4) Gender and Race Discrimination (13th & 14th Amendments) | Individually | |
| | 5) Retaliation | Individually | |
| **ACRA** | 6) Retaliation | | |

Motion to dismiss, № 4, granted in part and denied in part. Motion to amend, № 9, granted as modified. It would also be exceedingly helpful if Van Horn would plead the months and years when important things happened — when she took FMLA leave, was fired originally, and was reinstated. Conforming amended complaint due by 30 August 2013.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 August 2013