UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

YEVONNE VAN HORN                                                              PLAINTIFF

**FILED**

VS.                          CASE NO.: 5:13-CV-0074-DPM     U.S. DISTRICT COURT
                                                            EASTERN DISTRICT ARKANSAS

ARKANSAS SECRETARY OF STATE,                                MAR 28 2014
MARK MARTIN, In his Official Capacity as
ARKANSAS SECRETARY OF STATE,                                JAMES W. McCORMACK, CLERK
DARRELL S. HEDDEN, In his Individual                        By: _____
And Official Capacity as Chief of Police for                                    DEP CLERK
STATE CAPITOL POLICE                                                         DEFENDANTS

### PROTECTIVE ORDER

The Parties to this proceeding having determined that certain documents and information

produced or to be produced during discovery in this litigation should be kept confidential in

order to protect the legitimate interests of the Parties and other persons, including non-parties to

this litigation.  The Parties agree on all provisions of this Order except paragraph 25 which the

Court has resolved.

### Definitions

1.      For the purposes of this Order:

        (a)     "Document" includes all tangible written, recorded or graphic material,

and intangible data files in accordance with Rules 26 and 34 of the Federal Rules of Civil

Procedure.

        (b)     "Confidential Information" means any trade secret or other confidential

financial, commercial, governmental or regulatory information, or personally identifiable

information contained in any document or testimony that is entitled to such protection due to its

sensitivity; and includes, specifically, identifiable health information, personal financial

information, non-public parts of any and all personnel records including all records not leading

to termination or suspension.

1

(c)      "Party" means a named Plaintiff or Defendant, its employees and agents in the above-captioned action.

(d)      "Third Party" means any natural person, partnership, corporation, association, or other legal entity that is not named as a Party to the above-captioned actions and that produces documents or information in the above-captioned actions.

(e)      The "Permitted-Use Action" means the Second Amended Complaint (and any subsequent amendments and Answers thereto).

### Permissible Use of Confidential Information

2.      All persons obtaining access to Confidential Information in the Permitted-Use Action shall use the documents or information only for purposes of the Permitted-Use Action, including any appeals, and shall not use these documents or information for any other purpose, including, without limitation, for any administrative or other judicial proceeding unless requested through discovery in those proceedings. This Stipulated Protective Order shall not restrict the use or disclosure of documents or information not obtained as a result of these actions.

3.      Confidential Information shall not be copied or reproduced except to the extent copying or reproduction is reasonably necessary to the conduct of the Permitted-Use Action, and all copies or reproductions shall be subject to the terms of this Stipulated Protective Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all copies or reproductions shall be stamped "CONFIDENTIAL".

**Designation of Confidential Information**

4.     A Party or Third Party may designate documents or information provided as Confidential Information by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" on each page of the document entitled to such designation.  In the case of documents produced in electronic form where it is not practicable to place the designation on each page produced, or where for other reasons such placement is not practicable, the designation shall be placed on the disc or other medium by which the documents are produced.

5.     A "CONFIDENTIAL" designation shall constitute a representation to the Court, made in good faith that counsel believes that the information so designated constitutes Confidential Information as defined in this Stipulated Protective Order.

6.     Transcripts of depositions taken in these actions shall be given the protections afforded Confidential Information under this Stipulated Protective Order for a period of forty five (45) business days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Parties and Third Parties an opportunity to designate information contained in that transcript as Confidential Information.

7.     No more than of forty five (45) business days after receipt of the complete transcript, counsel for any of the Parties or the deponent may designate the portions of the deponent's deposition that qualify as Confidential Information by page number and line number. Such designation shall be communicated in writing to all Parties. Any Party or deponent may also designate testimony or transcript pages as Confidential Information by notice on the record at the deposition.

### Permissible Disclosure of Confidential Information

8.     No Confidential Information or any portion or summary thereof may be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

(a)     Attorneys of record for the Parties, including in-house attorneys, paralegal assistants and secretaries, and employees or agents of counsel of record (including reputable litigation support firms) to the extent reasonably necessary to render professional services in these actions and provided that these persons are actively engaged in the prosecution or defense of these actions;

(b)     Persons identified in a document designated as "CONFIDENTIAL" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in these actions;

(c)     Court officials involved in the Litigations;

(d)     Stenographic reporting personnel involved in taking or transcribing testimony in the Litigation (including persons operating video equipment at depositions and trial); and

(e)     Outside consultants or experts retained for the purpose of providing testimony or assisting counsel in the Litigation.

(f)     Parties to this litigation;

(g)     Attorneys retained to represent Third Parties at hearings, depositions, or trial;

(h)     Any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the Parties agree to appear or are ordered to appear; and

(i)     Anticipated and actual deponents, trial witnesses and hearing witnesses in this litigation, but only as necessary to their testimony or anticipated testimony and subject to the provisions of ¶ 10 and ¶ 11.

9.     Notwithstanding the provisions of ¶ 8, a person or Party is free to disclose its own Confidential Information without restriction. Moreover, nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Party or other person designating the documents as Confidential Information expressly consents to such disclosure in writing.

### Confidentiality Declaration

10.     Before any person described in ¶ 8 (a), and 8(i), is given access to Confidential Information, the individual to whom disclosure is to be made shall first read this Stipulated Protective Order and then sign and date an agreement substantially in the form of the attached hereto Exhibit A. A copy of such agreement(s) shall be held by counsel of record for the Party so disclosing the Confidential Information. The agreement(s) executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this protective order.

11.     Confidential Information may be disclosed to any person referred to in ¶ 8(i), only on the condition that such person is provided with a copy of this Stipulated Protective Order and is informed that he or she is bound by this Stipulated Protective Order on the record of the hearings, trial or depositions. Such person shall be bound by this Stipulated Protective Order.

12.     Counsel for the Parties to whom Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Stipulated Protective Order, and shall take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of Confidential Information.

13.     If any Confidential Information is filed or otherwise presented to the Court by any Party in a manner that requires its inclusion in the file maintained in the Clerk's Office, unless the Parties agree otherwise, the documents shall be redacted if practicable, and if not, the document shall be filed under seal, which means, in a sealed envelope marked "CONFIDENTIAL" with the case caption and a brief title or exhibit number describing the enclosed material on the front of the envelope.   This Paragraph shall not prevent the use of any document or data designated as Confidential Information in connection with mediation, facilitation, motions, or other Court-ordered proceedings, provided that the use of the documents/information is in accordance with this Stipulated Protective Order. Where practicable, only confidential portions of filings with the Court shall be filed under seal. A public copy of such court papers with all Confidential Information redacted therefrom may also be filed in the Clerk's office.

14.     All documents and every portion thereof designated as Confidential Information and produced pursuant to any discovery procedure or informal exchange of documents in this matter, shall be considered Confidential Information for purposes of this Stipulated Protective Order and shall only be used by the non-producing parties for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.  However, the non-producing party may challenge the Confidential Information designation at any time up to the

end of discovery.  Upon filing a motion challenging confidentiality, the burden shall be upon the party asserting confidentiality to sustain such designation.  In any event, all documents shall be treated as Confidential Information until agreed otherwise or until the Court issues an Order declaring that such documents shall not be considered Confidential.

15.    Any party that inadvertently produces documents or information that it believes to contain Confidential Information but fails to so designate reserves the right to make this designation at any later time.  However, no other party shall be deemed to have violated this order by disclosing or disseminating such documents or information at any time prior to the time at which the belated designation is made.  The failure to designate information in accordance with this Stipulated Protective Order shall not preclude the filing of a motion at a later date seeking to impose this designation or challenge the propriety thereof.

16.    Any document designated as Confidential Information may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action.  However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated Confidential document or information may be disclosed, and subject to any agreement or order from the Court, there shall be no disclosure of the designated Confidential Information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material.  Every court reporter taking any testimony relating to designated Confidential Information shall be informed of and provided with a copy of this Stipulated Protective Order, and shall adhere to its provisions.

### Non-Waiver of Privileges

17.     The inadvertent production in the course of discovery in these actions of any document or information (whether designated as Confidential Information or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, so long as the producing Party or person, promptly after discovery, notifies the other Party or Parties of the claim of privilege or other protection or immunity. Upon notice, the other Party or Parties shall promptly destroy all copies of the referenced documents or information and notify the producing Party or person that he, she or it has done so. This destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity.

### Non-waiver of Objection to Discovery

18.     Nothing shall affect any Party's or person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything affect any Party's right to seek the production of documents, testimony or any other information from any other source.

### Non-waiver of Arguments

19.     Nothing shall constitute any waiver of (a) any right or argument concerning the scope of the discovery to which a Party may contend it is entitled or (b) any argument a Party may have that documents or information designated by another Party or person as Confidential Information are not in fact entitled to such protection.

**Subpoenas Seeking Confidential Information**

20.     If any Party or person that has obtained Confidential Information under the terms of this Stipulated Protective Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such Party or person shall promptly notify in writing the Party or person that designated the information or documents as Confidential Information of the service of the subpoena. The Party or person receiving the subpoena shall not produce any Confidential Information in response to the subpoena without either (i) the prior written consent of the Party or person that designated the documents or information as Confidential Information, (ii) at least three weeks having elapsed after providing the designating Party or person with written notice under this paragraph, in order to allow that Party or person to seek relief from the subpoena, or (iii) an order of a court of competent jurisdiction. However, the Party or person that designated such Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or Party shall be relieved of its obligations under this paragraph.

**Procedure Upon Termination of Litigation**

21.     The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this litigation.   Within 45 days after final termination of the Permitted Use Actions, including by judgment, settlement, appeals or otherwise (if no appeal is taken then 45 days after the time for appeal shall have ended)(the "Return or Destruction Date"), all Confidential Information furnished or produced under the terms of this Stipulated Protective Order, and all copies of same,  and all documents containing, quoting from, or otherwise

disclosing the specific contents of Confidential Information, except one copy of pleadings filed with the Court, Agreement Concerning Confidentiality executed pursuant to this Stipulated Protective Order, all exhibits marked in discovery or at trial, and materials which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to counsel for the producing Party, unless otherwise agreed in writing. The above-described pleadings, exhibits, and work product materials may be retained in confidence under the terms of this Stipulated Protective Order by outside counsel for the Party. All Parties or persons that received Confidential Information pursuant to the terms of this Stipulated Protective Order shall certify compliance with this section and shall deliver same to counsel for the person that produced the Confidential Information not later than the Return or Destruction Date. The Court shall retain jurisdiction for one year from the conclusion of the case to resolve any disputes under this Order. Thereafter this Order is a contract between the parties.

22.     This Stipulated Protective Order is without prejudice to the right of any Party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

23.     The Court shall have the discretion to impose sanctions upon any person who grants access to Confidential Information for any purpose other than the preparation or trial of this matter or who otherwise violates the terms of this Stipulated Protective Order, including sanctions, costs, attorneys' fees and other appropriate relief to the original disclosing party.

### Amendment of This Stipulated Protective Order

24.    The provisions of this Stipulated Protective Order may be modified only by order of the Court.  Any Party or Third Party is free to request such modification for good cause shown.

### Limited Scope of Protective Order

25.    Disclosure of information may be limited by court order under the explicit exceptions to the Arkansas Freedom of Information Act.  If the parties disagree during discovery in this case regarding how the AFOIA applies, the parties are directed to let the Court know by joint report.  The Court will rule once concrete circumstances are presented.  Neither Plaintiff or her counsel or anyone bound by the Order shall be held in contempt by republishing facts inadvertently placed in public records in *Burton v. Arkansas Secretary of State* No.4:11-CV-710KGB.

To minimize future disclosure or publications the parties shall follow the terms of this Order in handling Burton material.  The disclosing party will create a confidential log containing names of persons and corresponding numeric code, whose personnel matters are being disclosed.  The log will be filed under seal with the Court.  Information produced pursuant to discovery requests will then be redacted to remove confidential identifying information and the corresponding numeric code will be used to identify each current or former employee of the Secretary of State.

SO ORDERED.

_D. P. Marshall Jr._
D. P. Marshall Jr.
United States District Judge

_28 March 2014_

APPROVED AS TO FORM:

Attorney for Plaintiff

By:   /s/ Robert Newcomb
Robert Newcomb, Bar No. 73087
Attorney at Law
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
(501) 372-5577
robertnwcmb@aol.com


And

Attorney for Defendants

By:  /s/ Denise Reid Hoggard
DENISE REID HOGGARD, Bar No. 84072
Rainwater, Holt & Sexton, PA
PO Box 17250
Little Rock, Arkansas 72222
(501) 868-2500
(501) 868-2505 Fax
hoggard@rainfirm.com

"EXHIBIT "A"

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF ARKANSAS

## PINE BLUFF DIVISION

**YEVONNE VAN HORN**                    **PLAINTIFF**

**VS.**                    **CASE NO.: 5:13-CV-0074-DPM**

**ARKANSAS SECRETARY OF STATE,**

**MARK MARTIN, In his Official Capacity as**

**ARKANSAS SECRETARY OF STATE,**

**DARRELL S. HEDDEN, In his Individual**

**And Official Capacity as Chief of Police for**

**STATE CAPITOL POLICE**                    **DEFENDANTS**

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, do hereby acknowledge that I have read a copy of the attached Stipulated Protective Order, and I agree to be bound by the terms of the Stipulated Protective Order.  I agree to use the information provided to me in this case only for purposes of this litigation, and to be subject to the jurisdiction of this Court for enforcement of all terms of

the Stipulated Protective Order and for judicial action for any violation of the Stipulated Protective Order.

I understand that my failure to abide by the terms of the Stipulated Protective Order may subject me to penalties for contempt of Court.

I submit to the jurisdiction of the Court in this litigation for the purpose of enforcing the terms of the Stipulated Protective Order, and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court for said purpose.

DATED this _____ day of _____ 20\_\_\_\_\_.

_____

STATE OF _____     )
COUNTY OF _____     )

Subscribed and sworn to before me this _____ day of _____ 20\_\_\_\_.

_____
Notary Public

My commission expires: _____