IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

YEVONNE VAN HORN                                                    PLAINTIFF

v.                                      No. 5:13-cv-74-DPM

MARK MARTIN, in his official capacity as
Arkansas Secretary of State, and DARRELL
S. HEDDEN, individually and in his official
capacity as Chief of Police for the State
Capital Police                                                     DEFENDANTS

ORDER

The Court has reviewed the parties' supplemental briefing on standing

and judicial estoppel. Van Horn has also moved to strike the defendants'

estoppel defense, № 66; and the defendants have moved to strike Van Horn's

supplemental affidavits, № 63. So the record needs to be settled first.

**1. Motions to Strike.** Van Horn's motion to strike the estoppel defense

is denied. The defendants pleaded estoppel in their answer. № 15 at 7. That

general plea is sufficient to raise the specific defense of judicial estoppel. FED.

R. CIV. P. 8(c); *Zotos v. Lindergh School District*, 121 F.3d 356, 361 (8th Cir. 1997)

(construing Rule 8 on a limitations defense). Van Horn, moreover, hasn't been

prejudiced by the defendants' not producing the papers from her bankruptcy.

She can't claim unfair surprise simply because the defendants are using those

papers against her. Defendants' motion to strike is also denied. The Rules allow Van Horn to contest factual assertions with affidavits. FED. R. CIV. P. 56(c)(1)(A).

2. **Facts.** Van Horn filed for Chapter 13 bankruptcy in August 2007. About four years later, in October 2011, while Van Horn was still in bankruptcy, she was fired for failing a firearms-proficiency test. She got some more training and got her job back about a month later. Then she received a verbal warning and a negative evaluation. Based on her firing, the warning, and the evaluation, Van Horn filed a complaint with the Equal Employment Opportunity Commission in December 2011. She received her first right-to-sue letter from the Commission in May 2012.

The next month, in June 2012, Van Horn was fired again. Within a few days, Van Horn had hired an employment lawyer. He began trying to get her reemployed. Her lawyer also filed another complaint with the Commission. Van Horn didn't tell her employment lawyer that she was in bankruptcy. Likewise, Van Horn didn't tell her bankruptcy lawyer or her bankruptcy trustee that she was pursuing claims against her former employer.

After her second firing, Van Horn fell behind on her bankruptcy

payments. Her bankruptcy trustee moved to dismiss her case. The trustee withdrew the motion in December 2012 and gave Van Horn two months to complete her payments.

In January 2013—a month before her payments deadline—Van Horn and the defendants mediated Van Horn's employment claims with the Commission. The mediation failed, and Van Horn borrowed approximately $4,300.00 from her sister to make the final payment on her Chapter 13 plan. Van Horn made that final payment on 19 February 2013. The Commission gave Van Horn her second right-to-sue letter the next day. About two weeks later, in early March 2013, Van Horn filed this lawsuit.

**3. Standing.** Van Horn's claims belong to her bankruptcy estate. 11 U.S.C. § 1306(a)(1). When the bankruptcy court confirmed Van Horn's Chapter 13 plan, she became a debtor in possession of the bankruptcy estate's assets. 11 U.S.C. § 1327(b). Debtors in possession have standing to prosecute legal claims "[i]n behalf of the bankruptcy estate." FED. R. BANKR. P. 6009; *compare Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir. 1999), *overruled on other grounds, Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013) *and Autos, Inc. v. Gowin*, 244 Fed. Appx. 885, 889 (10th Cir. 9 August 2007)

(collecting cases), *with Equal Employment Opportunity Commission v. CRST Van Expedited, Inc.*, 679 F.3d 657, 679 n. 14 (8th Cir. 2012) (involving Chapter 7 debtor). Here, Van Horn is bringing the claims for herself, not on behalf of the bankruptcy estate. She lacks standing to do so. This gap could be filled, but that wouldn't settle the judicial-estoppel issue. *In re JZ L.L.C.*, 371 B.R. 412, 420 (9th Cir. 2007).

**4. Judicial Estoppel.** Van Horn is estopped from pursuing her employment-related claims now. *Stallings v. Hussman Corp.*, 447 F.3d 1041 (8th Cir. 2006) controls.

First, Van Horn was a Chapter 13 debtor with a confirmed plan when her claims arose. Mr. Stallings was too. Van Horn's "failure to amend [her] bankruptcy schedules to include" her employment-related claims therefore represented to the bankruptcy court that those claims didn't exist. *Stallings*, 447 F.3d at 1049.

Second, the bankruptcy court relied on Van Horn's disclosures when it discharged her debts—including about $18,000.00 owed to unsecured creditors. Van Horn counters this conclusion with an affidavit from the trustee, who said that if she had known about the employment-related claims,

then she probably would have let Van Horn complete her bankruptcy plan. № 56-1 at 4–5. The trustee, though, acknowledged that she was speculating about what she would've done because Van Horn never disclosed her claims. № 56-1 at 4. And the trustee also said that these claims, along with any proceeds, belong to the bankruptcy estate. The trustee's affidavit, taken as a whole, doesn't help Van Horn. Notwithstanding what *might* have been, what actually happened is clear. Unlike in *Stallings*, here the bankruptcy court relied on Van Horn's non-disclosure. 447 F.3d at 1049.

Third, Van Horn would get an unfair advantage if not estopped. She was issued the first right-to-sue letter from the Commission in May 2012. When in June 2012 she was fired for the second time, she and her employment attorney quickly took steps with the Commission to get another right-to-sue letter. Mr. Stallings, in contrast, never got a right-to-sue letter. *Ibid.* Van Horn acknowledged in her deposition that by June 2012 she knew she had an employment-related claim. № 38 at 25–26 & 97 (deposition pagination). That was approximately nine months before she sued. Van Horn also attended a mediation of her employment claims while her bankruptcy case was pending. But she didn't report that mediation to her bankruptcy lawyer or to the

trustee. Instead, when the settlement talks failed, Van Horn borrowed money from her sister, made the final payment on her plan, and filed this case. Unlike in *Stallings*, Van Horn "clearly knew at the time [her] bankruptcy was pending that [she had a claim against her former employer]." 447 F.3d at 1049.

The estoppel issue comes down to what happened when, what Van Horn knew, what she did, and what she didn't do. Van Horn didn't get her second right-to-sue letter, which opened the door for this lawsuit, until a day after she had made her final plan payment. But that timing doesn't explain Van Horn's standing silent about her first right-to-sue letter, the mediation, or her second EEOC claim. Given all the behind-the-scenes action culminating in this lawsuit, the most reasonable inference is that Van Horn purposely didn't disclose her employment claims in her bankruptcy. The Court does not take this step lightly because the result is a non-merits-based decision on Van Horn's employment claims. But the confluence of circumstances shows intent, not inadvertence. *Stallings*, 447 F.3d at 1047–1049. If this Court allowed Van Horn to proceed, and if she recovered, Van Horn would benefit unfairly at the expense of her creditors, having failed to disclose her known claim to the bankruptcy court and having gotten her discharge based partly on that

silence. The equities bar that door with a judicial estoppel.

\*     \*     \*

Motions to strike, *№ 63 & 66*, denied. Motion for summary judgment, *№ 34*, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

3 March 2015